# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DEBRA ALLEN | § | |
| | § | CASE NO. 4:15-CV-60 |
| v. | § | Judge Mazzant |
| | § | |
| STATE FARM LLOYDS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #6). Having considered the relevant pleadings, the Court is of the opinion that this motion should be denied.

## BACKGROUND

On December 3, 2014, Plaintiff Debra Allen ("Plaintiff") sued Defendants State Farm Lloyds ("State Farm") and Louie Martin Devega ("Devega") in state court. On January 27, 2015, State Farm filed its Notice of Removal. State Farm asserts that this Court has diversity jurisdiction and that Devega was improperly joined to destroy diversity jurisdiction.

On February 12, 2015, Plaintiff filed a motion to remand (Dkt. #6). On February 26, 2015, State Farm filed a response (Dkt. #8). No reply was filed.

It is undisputed that Plaintiff and State Farm are diverse and that the amount in controversy exceeds $75,000. The only question is whether Devega, a Texas citizen, was improperly joined to defeat diversity jurisdiction.

## LEGAL STANDARD

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party

is improperly joined has a "heavy" burden of proof. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the Plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *see also*

*Smallwood*, 385 F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007); *see also Smallwood*, 385 F.3d at 573. However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *Guillory*, 434 F.3d at 311. In deciding whether a party was improperly joined, the Court should resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Gasch*, 491 F.3d at 281.

## ANALYSIS

A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. The question for the Court is whether State Farm has shown that Plaintiff has *no possibility* of establishing a valid cause of action against the non-diverse defendant, Devega.

First, the Court must decide which standard to apply in the examination of Plaintiff's state court petition. Plaintiff asks the Court to apply the less stringent Texas notice standard, whereas State Farm asks the Court to apply the federal standard. This issue has not been decided by the Fifth

Circuit. Several United States district courts have held that the federal pleading sufficiency standard applies to analyzing improper joinder. *See King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010); *Doucet,* 2009 WL 3157478, at *5; *First Baptist Church of Mauriceville v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D. Tex. Sept. 29, 2008). The Court will continue to follow the federal pleading standard. *See Rush v. Jacobs Eng'g Group, Inc.*, No. 3:14-CV-3723-B, 2015 WL 1511122, at *2 (N.D. Tex. April 2, 2015).

According to Plaintiff's Original Petition, this lawsuit arises out of a claim for damage to the dwelling and contents in the home under a policy of insurance issued by State Farm. Plaintiff alleges that Defendant Devega sold and maintained Plaintiff's insurance policies, and "constantly assured Plaintiff that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise" (Dkt. #2 at 3). Plaintiff also alleges that Devega "misrepresented to Plaintiff that the insured person was covered by such peril although [State Farm] denied such coverage" (Dkt. #2 at 4). In her petition, Plaintiff alleges multiple claims and causes of action against State Farm and Devega, including negligent misrepresentation, fraud, conspiracy to commit fraud, noncompliance with the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code. Plaintiff further alleges breach of contract, breach of duty of good faith and fair dealing, and noncompliance with Sections 541 and 542 of the Texas Insurance Code against State Farm.

State Farm asserts that Plaintiff vaguely alleges that State Farm and Devega made negligent misrepresentations, but Plaintiff fails to specify a single alleged misrepresentation in either her Original Petition or her Motion to Remand. State Farm also asserts that the agent listed on the declarations page of the policy of insurance for the policy period covering the alleged date of loss

4

is not Devega but rather Chuck Wellenberger, Jr.

The Court agrees that Plaintiff's allegations against Devega have no basis in law or fact, and finds that Plaintiff has no possibility of establishing a valid cause of action against Devega. Devega was not listed on the declarations page of the policy of insurance. Further, the alleged misrepresentations in question are not misrepresentations of a specific policy provision prior to a loss. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); Hajdik v. Fortis Ins., No. H-06-2348, 2007 U.S. Dist. LEXIS 99270, at *5 (S.D. Tex. Jan. 11, 2007) (stating "Texas law imposes liability on an insurance agent only if the agent 'misrepresents *specific* policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages.'" (emphasis in original)). Instead, Plaintiff's contentions are that Devega generally assured her that she was adequately insured and that State Farm "provided certain coverages;" however, these generalized statements are more of the nature of non-actionable puffery rather than actionable representations of a specific material fact. *See Griggs*, 181 F.3d at 701. Based upon the state court petition, the Court finds no facts that would make any of Plaintiff's claims plausible, and Plaintiff failed to file a reply that contested or explained how any of the claims asserted could be plausible. Plaintiff has not presented a reasonable basis to predict that she could recover against Devega for the claims asserted. Devega, therefore, was improperly joined, and State Farm has met its burden. Thus, the removal to federal court on the basis of diversity jurisdiction was appropriate, and Plaintiff's Motion to Remand should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #6) is hereby **DENIED**.

**SIGNED this 7th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE